THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| **CONSTANTINO CUARA R.,**<br><br>Plaintiff,<br><br>v.<br><br>**VERIZON'S, et al.,**<br><br>Defendants. | REPORT AND RECOMMENDATION<br><br>Case No. 2:23-cv-00490-RJS-JCB<br><br>Chief District Judge Robert J. Shelby<br><br>Magistrate Judge Jared C. Bennett |

This case is referred to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(B).[1] Based upon the analysis set forth below, the court recommends that this case be dismissed with prejudice sua sponte under Fed. R. Civ. P. 12(b)(6).

### BACKGROUND

Pro se Plaintiff Constantino Cuara R. ("Mr. Cuara") originated this case in Utah Third District Court,[2] but it was subsequently removed to this court.[3] Mr. Cuara's complaint contains a host of unclear allegations against Defendants "Verizon's," Jefferson Capital System, and Synchrony Bank (collectively, "Defendants").[4] Mr. Cuara's intelligible causes of action are:

---

[1] ECF No. 6.

[2] ECF No. 1-1.

[3] ECF No. 1.

[4] ECF No. 1-1. After removal, Defendant Jefferson Capital System moved to dismiss Mr. Cuara's claims against it. ECF No. 5. The court previously granted that motion and dismissed Defendant Jefferson Capital System from this case. ECF No. 9.

(1) "wire fraud" under 18 U.S.C. § 1343; (2) "bank fraud" under 18 U.S.C. § 1344; (3) "major fraud against the United States of America" under 18 U.S.C. § 1031; (4) "fraud of computers" under 18 U.S.C. § 1030; (5) "securities and commodities fraud" under 18 U.S.C. § 1348; and (6) "'RICO' charges."[5] Mr. Cuara asserts that his injury consists of "mental diseases," and his requested relief is "justice for all."[6]

## ANALYSIS

This case should be dismissed with prejudice sua sponte under Rule 12(b)(6) because Mr. Cuara's complaint fails to state claims upon which relief can be granted and providing him with an opportunity to amend his complaint would be futile. Although the Tenth Circuit "disfavor[s] . . . sua sponte dismissals . . . , [it] has held that such a dismissal under Rule 12(b)(6) is not reversible error when it is patently obvious that the plaintiff could not prevail on the facts alleged and allowing [him] an opportunity to amend [his] complaint would be futile."[7] "When this standard is met, the district court is not required to grant leave to amend," even for a pro se plaintiff.[8]

Under Rule 12(b)(6), the court "accept[s] as true the well pleaded factual allegations [in the complaint] and then determine[s] if the plaintiff has provided 'enough facts to state a claim to

---

[5] ECF No. 1-1 at 3-5.

[6] *Id*. at 5-6.

[7] *Knight v. Mooring Cap. Fund, LLC*, 749 F.3d 1180, 1190 (10th Cir. 2014) (quotations and citation omitted); *see also Jones v. Bowers*, 737 F. App'x 846, 848 (10th Cir. 2018) (same); *McKinney v. Okla. Dep't of Hum. Servs.*, 925 F.2d 363, 365 (10th Cir. 1991) (same).

[8] *Bowers*, 737 F. App'x at 848; *see also Knight*, 749 F.3d at 1190 ("[E]ven though pro se parties generally should be given leave to amend, it is appropriate to dismiss without allowing amendment where it is obvious that the plaintiff cannot prevail on the facts [he] has alleged and it would be futile to give [him] an opportunity to amend." (quotations and citation omitted)).

relief that is plausible on its face.'"⁹ "Rather than adjudging whether a claim is 'improbable,' '[f]actual allegations [in a complaint] must be enough to raise a right to relief above the speculative level.'"¹⁰

Additionally, Fed. R. Civ. P. 8 is incorporated into the court's Rule 12(b)(6) analysis.¹¹ Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"¹² "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."¹³ Rule 8 requires, at least, that the allegations of a complaint put the defendant fairly on notice of the basis for the claims against it.¹⁴ Indeed, the twin purposes of a complaint are to give the opposing party that notice so that it may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.¹⁵

---

⁹ *Hogan v. Winder*, 762 F.3d 1096, 1104 (10th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

¹⁰ *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555-56) (alterations in original).

¹¹ *U.S. ex rel. Lemmon v. Envirocare of Utah, Inc.*, 614 F.3d 1163, 1171 (10th Cir. 2010).

¹² *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555, 557) (alteration in original).

¹³ *Id.*

¹⁴ *Twombly*, 550 U.S. at 555.

¹⁵ *Monument Builders of Greater Kan. City, Inc. v. Am. Cemetery Ass'n of Kan.* 891 F.2d 1473, 1480 (10th Cir. 1989).

In analyzing Mr. Cuara's complaint for failure to state claims upon which relief can be granted, the court is mindful that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[16] However, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant,"[17] and the court "will not supply additional facts, nor will [it] construct a legal theory for [a pro se] plaintiff that assumes facts that have not been pleaded."[18] Indeed, as the Tenth Circuit stated:

> The broad reading of [a pro se] plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based. . . . [C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based. This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted. Moreover, in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations.[19]

As shown below, Mr. Cuara fails to state claims upon which relief can be granted because his complaint fails to satisfy the minimum pleading standards of Rule 8(a)(2) and Rule 12(b)(6), and his claims fail as a matter of law. Additionally, it would be futile to provide Mr. Cuara with an opportunity to amend his complaint. Therefore, the court recommends that this case be dismissed with prejudice sua sponte under Rule 12(b)(6).

---

[16] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[17] *Id.*

[18] *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam).

[19] *Hall*, 935 F.2d at 1110 (citations omitted).

First, all of Mr. Cuara's allegations are conclusory in nature and, therefore, fail to satisfy the minimum pleading standards of Rule 8(a)(2) and Rule 12(b)(6). Mr. Cuara fails to make any specific, intelligible allegations concerning Defendants' actions. Instead, he simply alleges—without any factual support or enhancement—that Defendants violated a series of federal criminal statutes, which is woefully insufficient to state claims upon which relief can be granted.[20]

Second, Mr. Cuara's claims fail as a matter of law. Only two of the criminal statutes upon which Mr. Cuara relies provide for a private right of action.[21] Further, although 18 U.S.C. §§ 1030 and 1031 allow private civil actions in certain circumstances,[22] Mr. Cuara fails to make any allegations implicating those circumstances or plead any facts demonstrating that he can bring a claim under those two statutes. Therefore, Mr. Cuara's claims all fail.

---

[20] *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (providing that "a plaintiff must offer specific factual allegations to support each claim" to state claims upon which relief can be granted).

[21] *Chavez v. United States*, No. CIV 21-0872-JB-SCY, 2021 WL 4948191, at *2 (D.N.M. Oct. 25, 2021) (providing that 18 U.S.C. § 1344 does not provide a private cause of action); *Heath v. Root9B*, No. 18-cv-01516-RBJ-KMT, 2019 WL 1045668, at *6 (D. Colo. Mar. 4, 2019) ("18 U.S.C. § 1348 is a criminal statute without a private right of action."); *Hunter v. Hirsig*, No. 14-CV-0089-F, 2015 WL 10876919, at *6 (D. Wyo. Oct. 20, 2015) ("18 U.S.C. § 1343 . . . is a criminal statue with no private right of action.").

[22] 18 U.S.C. § 1030(g) ("Any person who suffers damage or loss by reason of a violation of this section may maintain a civil action against the violator to obtain compensatory damages and injunctive relief or other equitable relief."); 18 U.S.C. § 1031(h) ("Any individual who—(1) is discharged, demoted, suspended, threatened, harassed, or in any other manner discriminated against in the terms and conditions of employment by an employer because of lawful acts done by the employee on behalf of the employee or others in furtherance of a prosecution under this section (including investigation for, initiation of, testimony for, or assistance in such prosecution), and (2) was not a participant in the unlawful activity that is the subject of said prosecution, may, in a civil action, obtain all relief necessary to make such individual whole.").

Finally, given the baseless nature of Mr. Cuara's allegations, providing him with leave to amend his complaint would be futile. Indeed, it does not appear that Mr. Cuara could allege any set of facts that would save his claims from dismissal. Consequently, this case should be dismissed with prejudice sua sponte under Rule 12(b)(6).

## RECOMMENDATION

Based upon the foregoing analysis, the court HEREBY RECOMMENDS that this case be DISMISSED WITH PREJUDICE sua sponte under Rule 12(b)(6).

## NOTICE TO PARTIES

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object.[23] The parties must file any objections to this Report and Recommendation within 14 days after being served with a copy of it.[24] Failure to object may constitute waiver of objections upon subsequent review.

DATED this 24th day of June 2024.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[23] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).
[24] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).